CONSOLIDATED CONSTRUCTION COMPANY OF OKLAHOMA
v. HATCHETT.

4-4917

Opinion delivered February 7, 1938.

*Duty & Duty* and *Tom Sullins,* for appellant.

*George A. Hurst, Kelsey Norman* and *Alfred K. Lee,* for appellee.

McHANEY, J. Appellee sued appellant to recover damages for personal injuries sustained by him when a barrel of asphalt, which he and three other employees of appellant were unloading from a truck, fell upon him and fractured his left leg. The only alleged negligence relied on and submitted to the jury was that of the fellow-servant Graham, in unloading the barrel from the truck bed at the time the accident occurred. Appellant denied negligence and pleaded assumed risk, its plea of contributory negligence being abandoned.

Appellee and his co-workers, Graham, Murry and Wilder, were employees of appellant, and were engaged in grading and black-topping highway No. 68, between Springdale and Tontitown. The black-topping material consisted of a mixture of crushed rock or gravel and asphalt, which was mixed by them on a mixing board or floor about 12 feet square on the side of the road. The asphalt was hauled in steel barrels from a tank car on the railroad siding in Springdale. On April 17, 1936, these employees, acting on instructions, went in a truck to Springdale and got two barrels of asphalt, which they hauled back to the mixing board, and, at the time of the injury to appellee, they were unloading it. One barrel was unloaded without incident. Graham was in the bed of the truck, Wilder and Murry stood at the back end, one on either side, and appellee opposite the end, and when Graham would maneuver the barrel of asphalt to the end of the truck and tell the others to take it, or that it was ready, or some similar notice that he was ready for them to take hold of the barrel, they would do so and lower it to the ground. Some of the asphalt had, by motion of the truck, or otherwise, been spilled on the bottom of the bed of the truck, which was steel, and which caused it to be slippery and unsafe footing. As Graham attempted to move the second barrel to the end of the truck to be unloaded, he either negligently or otherwise shoved it off the rear end of the truck, without any notice

that he was ready to have them take hold of it, and it fell out of the truck, spanning a distance of three or four feet, and struck appellee on the leg and injured him. Trial to a jury resulted in a verdict and judgment in appellee's favor for $2,975.

In its brief appellant says: "The only question before the jury and the only question before this court on this appeal is whether or not Lee Graham was negligent." We agree with appellant that this is correct, and this is the only question that we will discuss. The evidence is not in serious dispute, and all the evidence relating to the occurrence was given by appellee, Graham, and Wilder, appellant not putting on any testimony at all. It is undisputed that the truck bed was slick because of the spilled asphalt therein, and that it was parked on a slight decline on the side of the road with the rear end of the truck at the lower end of the decline; that the barrel of asphalt fell out and in doing so, traversed a distance of three or four feet from the end of the truck and struck appellee, causing the injury complained of; and that Graham caused the barrel to fall, and he gave no notice to appellee or the other two employees that he was ready for them to take it out of the truck. Appellant earnestly insists, and this question has given us a great deal of concern, that the slipping of the barrel out of the truck was a pure accident for which it is not liable. Both Graham and Wilder testified that before Graham was ready for them to take hold of the barrel and lower it to the ground, he slipped and fell which caused the barrel to fall out. The court submitted that question to the jury in an instruction that told them "that no one is responsible for the happening of an unavoidable accident and if you find from the evidence that the plaintiff was injured through an unavoidable accident then your verdict must be for the defendant." The question that has given us the most concern is whether there was any evidence from which the jury could legitimately find that it was not an unavoidable accident. Graham admits that he gave no warning for the reason that the barrel was not in place for it to be

unloaded when he slipped and the barrel was shoved out. But appellee testified that the barrel fell out with great force, and that he would judge that it jumped about four feet from the end of the truck, and that Graham shoved it out, and that it went out sideways. We are unwilling to say that there was no substantial evidence on which the jury could base its finding of negligence. In *St. Louis-San Francisco Ry. Co.* v. *Smith*, 179 Ark. 1015, 19 S. W. 2d 1102, we said: "Juries are not permitted to base verdicts on mere conjecture or speculation. There must be substantial testimony of essential facts, or facts which would justify a reasonable inference of such essential facts, on which to base a verdict, before it will be permitted to stand." Citing cases. So here, the facts in proof were that Graham shoved the barrel out of the truck. Of course, it was his duty to get the barrel to the back end of the truck so that the others might lower it to the ground. There was proof that he was standing up and had hold of the top of the barrel when it suddenly went out of the truck. We think the jury had the right to draw the inference that Graham was negligent in giving the barrel too hard a shove or applying more force to it than he should have in view of the slippery condition of the floor, and that such an inference is a reasonable one that tended to contradict his statement, and that of Wilder that his slipping and falling caused the barrel to fall out, and that it was an unavoidable accident.

We find no error, and the judgment is accordingly affirmed.